# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KYLE MILOWSKI,

        *Plaintiff*,

    v.

ALEJANDRO MAYORKAS,
Secretary, U.S. Department of Homeland
Security,

        *Defendant*.

No. 20-cv-2698 (DLF)

## <u>MEMORANDUM OPINION</u>

Kyle Milowski, proceeding *pro se*, brings this action against Alejandro Mayorkas in his official capacity as the Secretary of the United States Department of Homeland Security ("Department"),[1] asserting claims under the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.*; *see* Compl. at 3, Dkt. 1. Before the Court is the Department's Motion to Dismiss or, in the Alternative, to Transfer Venue, Dkt. 5. For the reasons that follow, the Court will deny the Department's motion to dismiss and grant its motion to transfer this case to the United States District Court for the District of South Carolina.

---

[1] When this suit began, Chad Wolf was the Acting Secretary of the Department of Homeland Security. When Alejandro Mayorkas became the Secretary, he was automatically substituted as the proper defendant. *See* Fed. R. Civ. P. 25(d).

## I.    BACKGROUND

### A.    Factual Background

Milowski was employed by the Department of Homeland Security as a Deportation Officer and Course Developer Instructor at the U.S. Immigration and Customs Enforcement (ICE) Training Academy.  *See* EEOC Decision at 3, Dkt. 1-1.  Milowski alleges that from January 2016 through February 2017, he suffered discrimination on account of his disability, was denied reasonable accommodations, and faced retaliation for seeking those accommodations. *See* Compl. at 4–5; EEOC Compl. at 1, Dkt. 5-5.  Among other things, Milowski's supervisor "made an unauthorized disclosure regarding [his] medical information," and Milowski was denied "training consistent with his colleagues," was assigned "collateral duties" in addition to his "primary duties," and was "yelled at" by his supervisor shortly after he requested an accommodation.  *See* EEOC Decision at 1–3.

The EEOC affirmed the Department's decision denying Milowski's EEO complaint on June 18, 2020, *see* EEOC Decision at 14, 16, and Milowski filed this action on September 17, 2020, *see* Compl.  Subsequently, the Department filed its motion to dismiss or transfer this case on the ground that venue was not proper in the District of Columbia. *See* Dkt. 5.  That motion is now ripe for review.

## II.    LEGAL STANDARDS

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss an action or claim when venue is improper.  Fed. R. Civ. P. 12(b)(3).  Similarly, the federal venue statute, 28 U.S.C. § 1406(a), requires a court to "dismiss, or if it be in the interest of justice, transfer" a case that has been filed "in the wrong division or district."  28 U.S.C. § 1406(a).  On a Rule 12(b)(3) motion, the moving party "must provide sufficient specificity to

put the plaintiff on notice of the [potential] defect," but "the burden remains on the plaintiff to establish that venue is proper." *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 50–51 (D.D.C. 2014) (internal quotation marks omitted), *aff'd sub nom. McCain v. Bank of Am. N.A.*, 602 F. App'x 836 (D.C. Cir. 2015). Venue determinations are driven by "commonsense appraisal[s]" of the "events having operative significance in the case." *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978).

"To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). When ruling on a Rule 12(b)(3) motion, "the [C]ourt accepts the plaintiff's well-pled factual allegations regarding venue as true, draw[ing] all reasonable inferences from those allegations in the plaintiff's favor." *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (internal quotation marks omitted). "The Court need not, however, accept the plaintiff's legal conclusions as true, and may consider material outside of the pleadings." *Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015) (internal citation omitted). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

## III.   ANALYSIS

### A.   Venue Provisions

"[T]he proper venue for litigating a Rehabilitation Act claim is determined by the special venue provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5(f)(3)." *Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012) (internal quotation marks omitted). The same is true for litigating a claim under the Americans with Disabilities Act of 1990. *See* 42 U.S.C. § 12117(a); *Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 3 (D.D.C. 2013). Title VII's

special venue provisions provide that "a plaintiff may bring suit: (1) where 'the unlawful employment practice is alleged to have been committed,' (2) where 'the employment records relevant to such practice are maintained and administered,' or (3) where 'the aggrieved person would have worked but for the alleged unlawful employment practice.'" *Pendleton*, 552 F. Supp. 2d at 17 (quoting 42 U.S.C. § 2000e–5(f)(3)).  If the defendant "is not found within any such district" then the "action may be brought within the judicial district in which the [defendant] has his principal office."  42 U.S.C. § 2000e–5(f)(3).

Here, venue is not proper in the District of Columbia.  First, all of the allegedly unlawful employment practices occurred in Charleston, South Carolina, *see* Decl. of Lauren Marie Wilson ¶ 3, Dkt. 5-4; EEOC Compl. at 1, and Milowski does not assert that he experienced any workplace injury in the District of Columbia, *see* Compl.; Pl.'s Opp'n, Dkt. 7; *see also Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009).  Second, the Department has represented that Milowski's employment records are in South Carolina, *see* Mot. to Dismiss at 8; Decl. of Lauren Marie Wilson ¶ 5, and Milowski does not dispute this fact, *see* Compl.; Pl.'s Opp'n; *see also Johnson*, 939 F. Supp. 2d at 4 n.3 (treating the second factor as conceded when the plaintiff failed to dispute the defendant's assertion as to the location of employment records).  Third, Milowski does not claim that he would have worked in a different district in the absence of such practices.  *See* Compl; Pl.'s Opp'n; *see also Haley v. Astrue*, 667 F. Supp. 2d 138, 141 (D.D.C. 2009).  And finally, because the Court's "analysis reveals, and the defendant[] admit[s]" that the District of South Carolina is a proper venue for this action, the Court may not "consider venue in the location of the defendant['s] principal office."  *See Haley*, 667 F. Supp. 2d at 141–42; Mot. to Dismiss at 10.

Milowski does not dispute that he has failed to establish that the District of Columbia is a proper venue under Title VII's venue provisions but instead contends that the District of Columbia is a proper venue for equitable reasons, particularly as he was "permanently assigned to work in Washington DC on May 24, 2020," and further, because the EEOC's "Right to Sue letter" was delivered to his address in Washington. Pl.'s Opp'n at 1. Because, if transferred, he would need to commute to South Carolina in order to litigate the case, Milowski argues that a "change of venue would result in significant financial hardship" for himself and would "equate to a convenience for the Defendant." *Id.*

Any potential hardship Milowski faces cannot make venue in the District of Columbia proper. *See McLaughlin v. Holder*, 864 F. Supp. 2d 134, 139–40 (D.D.C. 2012). As other courts in this District have explained, in drafting Title VII's venue provisions, "it was the 'intent of Congress to limit venue to the judicial district[s] concerned with the alleged discrimination.'" *Id.* at 139 (quoting *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969)). Thus, "the special requirements of Title VII compel the conclusion that venue is not proper in this district." *Id.* at 140.

**B.     Transfer**

Having found venue in the District of Columbia to be improper, the Court must determine whether to dismiss the case. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Yet "the interest of justice generally requires transferring a case to

the appropriate judicial district in lieu of dismissal." *Ellis-Smith v. Sec'y of the Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011).

The Court finds that it is in the interest of justice to transfer the case to the District of South Carolina because, as the government represents and Milowski does not dispute, *see* Mot. to Dismiss at 10, 12; Pl.'s Opp'n, a substantial part—if not all—of the relevant events occurred in that district and various key witnesses reside in that district.  Venue in the District of South Carolina is proper, and that court has personal jurisdiction over the defendant.  *See Haley*, 667 F. Supp. 2d at 142.  Thus, the Court will transfer this case to the United States District Court for the District of South Carolina.

## CONCLUSION

For the foregoing reasons, the Court denies the Department's motion to dismiss and grants its motion to transfer venue.  A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

July 21, 2021